**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ADITYA KUNNER, | ) |
| | ) |
| Petitioner, | ) |
| v. | )      Case No. CIV-26-229-R |
| | ) |
| SCARLET GRANT, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Suzanne Mitchell, recommending the Court grant Petitioner's Petition for Writ of Habeas Corpus in part and order his immediate release under an appropriate order of supervision. Respondents filed a timely objection [Doc. No. 12]. Petitioner did not respond. The matter is now at issue.

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed

1

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where it fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Petitioner proceeds pro se, the Court will construe his filings liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

The Court must now make a *de novo* determination of the portions of the Report to which Respondents objected. 28 U.S.C. § 636(b)(1).

Petitioner, a citizen of India, entered the country on January 17, 2023, on an F-1 visa as an international student [Pet., Doc. No. 1, at p. 6]. Doc. No. 8, at p. 5. In May of 2023, he applied for asylum [Doc. No. 8-1]. Pet., at p. 6. When he failed to enroll in classes for the 2024-2025 academic year, his F-1 visa was terminated. Doc. No. 8, at pp. 5-6. Petitioner was detained by ICE on October 13, 2025, but his Notice to Appear and Warrant for Arrest were not issued until October 14, 2025 [Doc. No. 10, at p. 2; Doc. No. 8-2]. On October 30, 2025, an Immigration Judge denied Petitioner's request for a change in custody status "[a]fter full consideration of the evidence presented" "because [Petitioner] did not establish [he was] not a flight risk" [Doc. No. 8-3]. Doc. No. 10, at p. 2.

Judge Mitchell found Petitioner's detention falls under 8 U.S.C. § 1226, which requires ICE to obtain a warrant prior to arresting noncitizens. Respondents object, first arguing the Report improperly found § 1226 applies to Petitioner's detention solely because DHS issued a warrant after Petitioner's arrest. *See* § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). The Court disagrees with

Respondents' characterization of Judge Mitchell's findings. In her discussion of whether § 1226 or § 1225(b)(2) applies to Petitioner's detention, Judge Mitchell noted Petitioner was admitted to the country on or about January 17, 2023, on an F-1 visa. She also noted that after overstaying his visa, Petitioner was issued a Notice to Appear before an immigration judge in October of 2025 and received a custody determination, stating such proceedings arose under § 1226. Doc. No. 8-2.

As Respondents themselves state, the dispositive fact in deciding the applicability of § 1225 or § 1226 is the legal status of the detained noncitizen. And as Respondents acknowledge, this Court has previously determined § 1226 governs the detention of noncitizens, like Petitioner, who previously entered the country. *See Valdez v. Holt*, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Salomov v. Noem*, No. CIV-26-143-R, 2026 WL 607446, at *1 (W.D. Okla. Mar. 4, 2026).[1] Consistent with these prior decisions, the Court continues to conclude that the better reading of the statutory provisions is that § 1225(b)(2) applies to noncitizens "seeking admission into the country" whereas § 1226 applies to noncitizens "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) ("[T]he difference in treatment between a noncitizen at

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) and Second Circuit in *Cunha v. Freden*, — F. 4th —, 2026 WL 1146044 (2d. Cir. Apr. 28, 2026). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

the border and one already in the United States fits within the broader context of our immigration law."). Consistent with these prior decisions, the Court finds Petitioner is subject to detention under § 1226, not § 1225(b)(2).

After finding § 1226 applies to Petitioner's detention, the Magistrate found Petitioner's warrantless arrest violated § 1226 and entitles Petitioner to immediate release. Another court in this district has ordered the immediate release of noncitizens whose detentions are governed by § 1226(a) and who are arrested without a warrant. *See Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026); *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (same).

Respondents object to Petitioner's immediate release, however, because they assert Petitioner failed to raise issues related to his warrantless arrest until his Reply to the Response to his Petition. "[R]aising an issue for the first time in a reply brief or traverse is insufficient to preserve it." *Thompkins v. McKune*, 433 F. App'x 652, 659 (10th Cir. 2011) (unpublished) (collecting cases); *see also Rippey v. Utah*, 783 F. App'x 823, 827 n.3 (10th Cir. 2019) (unpublished) ("[C]laims raised for the first time in a traverse are not properly before the district court or [the appellate] court."); *United States v. Sanchez*, 446 F. App'x 149, 150 (10th Cir. 2011) (unpublished) ("To the extent Mr. Sanchez attempted to make his [] argument for the first time in his habeas reply, it was not properly presented to the district court and we will not consider it on appeal."); *see also United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived.").

The Court finds the Respondents' argument persuasive. Petitioner has waived the issue of whether his warrantless arrest necessitates his immediate release from custody.

Ordinarily, Petitioners detained under § 1226 are entitled to a bond hearing. However, the record reflects Petitioner has already received one. Doc. No. 8-3. Petitioner makes a fleeting reference to the issue of whether his bond hearing was Constitutional, but the record and arguments on the matter are sparse. Accordingly, this matter is not properly before the Court at this time and without more substantive briefing, the Court declines to consider this issue.[2] If proper, Petitioner may raise this issue at a later time.

Accordingly, though the Court ADOPTS the Magistrate's finding that Petitioner is detained subject to 8 U.S.C. § 1226(a), to the extent the Report and Recommendation recommends Petitioner's immediate release from custody, it is DENIED. Petitioner's Petition is therefore DENIED.

IT IS SO ORDERED this 22nd day of May, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] With respect to the other grounds for relief in Petitioner's Petition, neither party has objected to the Magistrate's findings that they are either moot or do not sound in habeas. Accordingly, the Court ADOPTS those findings, *see* Doc. No. 11, at p. 9 n.4, and DENIES the remaining grounds for relief.